## McCARTHY v. CAVERS.

1. **Principal and Agent**: SALE OF LAND: COMPENSATION: FACTS NOT ENTITLING TO.   Plaintiff sued defendant for his commission on an alleged sale of land for the defendant as his agent; but upon examination of the evidence, (see opinion,) it appears that he did not consummate a sale within the time limited ·in the agreement which conferred upon him his authority, nor at any time, and the defendant a few days thereafter sold the land to another.   *Held* that he was not entitled to recover.

2. **Instructions**: ERROR WITHOUT PREJUDICE.   Error in giving or refusing instructions is no ground for reversal, when it clearly appears that appellant is not prejudiced thereby.

*Appeal from Clay District Court.*

FRIDAY, JUNE 5.

ACTION to recover compensation for the negotiation of the sale of certain lands owned by defendant, under a contract between the parties.   There was a judgment upon a verdict for defendant.   Plaintiff appeals.

*T. W. Harrison*, for appellant.

*Soper, Crawford & Carr*, for appellee.

BECK, CH. J.—I. The undisputed facts of the case are these: Defendant, by a letter, authorized plaintiff to secure a purchaser and negotiate a sale of certain lands owned by defendant, for which a compensation, stated in the correspondence, was agreed upon. The plaintiff was to have until the twenty-fifth day of July " to consummate the sale to persons with whom he was then negotiating. The defendant, having another offer for the lands for substantially the same price named in his letter to plaintiff, prepared a deed for the lands,—the place for the name of the grantee being left blank,—sent it to another agent with instruction that soon after the twenty-fifth of July he should present it to plaintiff, and receive the money, if he had effected the sale; but that, if he had not, the deed was to be delivered to the person making the offer direct to defendant. On the twenty-seventh day of July this agent proceeded to the place of residence of plaintiff, presented the deed, and demanded the money. The plaintiff requested the agent to give him time to arrange for obtaining the money from the persons to whom he had sold the land, stating their names and place of residence. These were the same persons with whom he had the negotiations prior to the date of the letter of defendant, limiting the time of sale until the twenty-fifth of July. Upon this request the agent assented to delay to the next day. In the meantime plaintiff arranged with the bank to advance the money upon his check, and to take the deed for the land, which, as we understand the evidence, was to be held as security for the advance. On the twenty-eighth day of July the agent and plaintiff met at the bank. Plaintiff made objection to the deed, upon the grounds that the names of the grantees were not written in it, and the acknowledgment was not in legal form, and declined to pay

*Margin note:* 1. PRINCIPAL and agent: sale of land: compensation: facts not entitling to.

the money on account of these defects. The agent then proposed that plaintiff should deposit in the bank $1,000, as payment on the land, and that a deed, in the form approved of by plaintiff, would be furnished to him in due time. The plaintiff declined this proposition, claiming that he would make the payment of all the money when the deed, in the form he required, should be delivered. Thereupon the agent left plaintiff, and delivered the deed to the person who had made the offer direct to defendant, and received the money from him.

The evidence conclusively shows that plaintiff had not at any time, up to and including the twenty-eighth of July, received a positive acceptance, from the parties with whom he had the negotiations, of his proposition to sell the land. On the twenty-third and twenty-fourth of July they informed plaintiff in separate communications that they would take the land, subject to inspection by another, and on the twenty-eighth they informed him, if he had not "already sold the lands      *      *      *      it is likely we can take them, cash down. Please let us know,      *      *      *      and send list and description. I shall be out again in about a week." We are authorized to say that the evidence, without contradiction, shows that plaintiff on the twenty-eighth day of July had not completed the negotiation of the sale of the land and secured a purchaser.

II. It cannot be claimed that plaintiff, under the letter limiting the time for the sale of the land, had authority to sell it to the bank, or to purchase the property himself.

THE SAME.

The time was fixed in order to enable plaintiff to consummate the negotiation he had in hand. But if he had such authority, he did not exercise it; for it cannot be claimed that any contract of sale was made to the bank or with him. He would not take the land for himself or for the bank, under the deed presented to him, and defendant's agent would not sell without a deposit of a part of the purchase money. It fol-

McCarthy v. Cavers.

lows that there was no contract or sale of the land made by plaintiff.

III. The district court in the instructions to the jury held, in effect, that plaintiff had no authority to sell the land after the twenty-fourth day of July; that his author-

2. INSTRUC-
TIONS : error
without prej-
udice.

ity to sell was by its terms to be exercised before the twenty-fifth day of July, and that the evidence of a conditional proposition failed to show a sale of the lands in the time limited by the letter of defendant; but that, if there was in fact a sale prior to the twenty-fifth of July, plaintiff was in law entitled to a reasonable time in which to pay over the money, and would not be required to do so until a sufficient deed was tendered to him.

It is insisted that the instructions are erroneous, in that they hold that the authority of plaintiff expired with the twenty-fourth of July, and that plaintiff had all of July 25th in which to make the sale. We may admit, for the purpose of the case, without so deciding, that counsel's position is correct, and that plaintiff had authority extending through the whole of the twenty-fifth of July, and that the instruction in this regard is erroneous. But it is error without prejudice, for the evidence, without conflict, shows that plaintiff did not before or after the twenty-fifth of July, and up to the twenty-eighth, sell the lands; at which latter day defendant, as he was authorized to do, withdrew the authority, and sold the property to another. The instructions given, waiving this point, are in our opinion correct, and those refused, so far as they do not contain the substance of those given, are erroneous.

IV. It is insisted that the jury should have been informed, and the issue of the pleadings to that effect should have been

THE SAME.

stated, that the finding of a purchaser would entitle the plaintiff to recover compensation, if the sale was not finally consummated through the fault of the defendant. But the failure to present these matters to the jury could have wrought no possible prejudice, in view of the

facts that, as we have seen, there was no sale negotiated by plaintiff, and there was no evidence tending to prove that a sale was prevented by the fault of defendant.

V. It will be understood from what we have said that we think the evidence supports the verdict.

The foregoing discussion disposes of all points arising in the case. The judgment of the district court must be

AFFIRMED.